# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID WILKERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-658-DRH ) |
| CLEVY KIM, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 8); his motion to amend or correct his complaint and motion to proceed *in forma pauperis* (Doc. 10); and his motion for an extension of time or to suspend his case (Doc. 11).

**A. Background**.

On September 22, 2008, Plaintiff, a wheelchair-bound inmate, filed a civil complaint seeking relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. The gravamen of the complaint was that Plaintiff had been denied adequate medical attention for his pressure sores resulting in an infection of Plaintiff's abdominal area. As a result of the infection, Plaintiff had surgery to remove a portion of his spinal cord on July 29, 2008.

Along with his original complaint, Plaintiff also filed a motion to proceed *in forma pauperis*. The Court denied Plaintiff's motion to proceed *in forma pauperis* after finding that Plaintiff had "3 strikes" under 28 U.S.C. § 1915(g). *See* (Doc. 6). The Court further concluded that that Plaintiff was not "under imminent danger of serious physical harm" at the time he filed

his complaint because Plaintiff had the infection treated by surgical intervention nearly two months *before* filing his complaint. Consequently, the Court directed Plaintiff to pay the $350 filing fee or have his action dismissed. *Id*.

In lieu of paying the filing fee, however, Plaintiff filed the instant motion requesting that the Court reconsider its Order (Doc. 6) denying him leave to proceed *in forma pauperis*.. Plaintiff's motion for reconsideration (Doc. 8) does not challenge the Court's conclusion that on the date Plaintiff filed his original complaint Plaintiff had already acquired "3 strikes" or the Court's conclusion that Plaintiff was not then under imminent danger of serious physical injury. Instead, Plaintiff asserts that events occurring *after* he filed his original complaint create "imminent danger of serious physical injury" thereby allowing him to proceed *in forma pauperis* with this action.

Specifically, Plaintiff contends that after his back surgery he started having muscle spasms. Plaintiff contends that on October 16, 2008, he suffered a muscle spasm and fell off his wheelchair while taking a shower. Later examination revealed that Plaintiff had a "broken back." Plaintiff contends that he is being denied adequate medical treatment for his "broken back." Plaintiff contends that the ongoing failure by prison officials to treat his "broken back" constitutes imminent danger of serious physical injury that allows him to proceed *in forma pauperis* in this case even though he has "3 strikes." These events also form the basis of Plaintiff's amended complaint(Doc. 9) and his motion to amend/correct motion (Doc. 10).

**B. Discussion.**

Plaintiff does not contest that, prior to commencing the instant action, he had acquired "3 strikes" which would prohibit him from proceeding *in forma pauperis* in this action. Plaintiff

does state that the courts in these prior cases did not designate any of the prior dismissals as "strikes," but the lack of such a designation is irrelevant. Under § 1915(g), it is the reason the claim is dismissed that matters - not whether the court calls the dismissal a "strike" or not. *See George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff also does not contest that - at the time he filed his original complaint - he was not "under imminent danger of serious harm." As noted above, Plaintiff's original complaint only asserted claims relating to the denial of adequate medical treatment for his pressure sores. With regard to the pressure sores, the specific instances of alleged inadequate care occurred long before the original complaint was filed. Additionally, the consequence for not treating the pressure sores was the infection Plaintiff suffered. An infection that was resolved through surgery two months *prior* to Plaintiff filing the original complaint in this case.

In essence, Plaintiff wants to press the "reset" button and to use events occurring *after* his original complaint was filed to supply the "imminent danger" needed to proceed *in forma pauperis*. The procedural mechanism he attempts to employ to "reset" the case is an amended/supplemental complaint (Doc. 9). The Court, however, rejects Plaintiff's effort to "reset" his case. It is well-settled that § 1915(g) requires that the harm faced by Plaintiff be occurring at the time the *complaint* is filed. *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003). As discussed above, Plaintiff was not under imminent danger of serious physical injury when he filed the original complaint. It is not sufficient that the harm occur at some later time such as when Plaintiff filed his *amended* complaint is filed.[1] Accordingly, Plaintiff's motion to

---

[1] Even if the Court allowed Plaintiff to proceed *in forma pauperis* on his new claims concerning his broken back, Plaintiff could not "piggy-back" his "non-imminent danger" claims concerning the lack of medical care for the pressure sores. In other words, the case would

3

reconsider (Doc. 8) and his motion to amend/correct his motion to proceed *in forma pauperis* (Doc. 10) are **DENIED**.

With regard to Plaintiff's motion to amend/correct his complaint, the Court notes that Plaintiff did, in fact, file an amended complaint on April 6, 2009. Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, Plaintiff may amend his complaint once, as a matter of course, so long as a response to the complaint has not yet been filed. Because this case is still under threshold review, Defendants have neither been served or filed a response to the complaint. Therefore, Plaintiff's motion to amend/correct his complaint (Doc. 10) is **DENIED** as moot.

To the extent that Plaintiff desires to pursue claims related to his "broken back" which arose from events occurring *after* September 22, 2008, he has two choices. First, he may pursue those claims in the instant case - along with his claims concerning the pressure sores - but he must pay the full $350 filing fee for this case. Proceeding *in forma pauperis* with this case is not an option. Second, he may file a separate civil action for which he will have to either pay the full $350 filing fee or seek leave to proceed *in forma pauperis*. If Plaintiff seek *in forma pauperis* status for such new case and he qualifies under the imminent danger exception to § 1915(g), he will be allowed to proceed *only* on those claims related to the "imminent danger." The Court has no on opinion and makes no ruling on whether Plaintiff's allegations concerning his "broken back" constitute "imminent danger of serious physical injury" for purposes of § 1915(g).

With regard to the filing fee for this case, Plaintiff sought an additional 90-days within which to pay the filing fees. As of the date of this Order, the filing fee is over 50 days past due.

---

continue only on the "broken back" claims.

The Court has an interest in effectively and efficiently managing its cases. Therefore, Plaintiff's motion for an additional 90-days within which to pay the filing fee (or, alternatively, suspending this case) (Doc. 11) is **DENIED**. The Court, however, directs that Plaintiff pay the full $350 filing fee for this case no later than June 17, 2009. If Plaintiff fails to pay the full filing fee by that date, then this case will be dismissed pursuant to Rule 41(b).

**IT IS SO ORDERED**.

**DATED:** June 2, 2009

/s/ David R Herndon
**DISTRICT JUDGE**