# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **DAVID WILKERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 08-cv-658-DRH** |
| | ) | |
| **CLEVY KIM, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief Judge:**

This matter is before the Court on Plaintiff's motion for reconsideration (Doc. 13). Plaintiff, a wheelchair-bound inmate, filed a civil complaint (Doc. 1) seeking relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights.  The gravamen of the complaint was that Plaintiff had been denied adequate medical attention for his pressure sores resulting in an infection of Plaintiff's abdominal area.  As a result of the infection, Plaintiff had surgery to remove a portion of his spinal cord on July 29, 2008.

Along with his original complaint,  Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. 2).  The Court denied Plaintiff's motion to proceed *in forma pauperis* after finding that Plaintiff had "3 strikes" under 28 U.S.C. § 1915(g). *See* (Doc. 6).  The Court further concluded that  that Plaintiff was not "under imminent danger of serious physical harm" at the time he filed his complaint because Plaintiff had the infection treated by surgical intervention nearly two months *before* filing his complaint.  Consequently, the Court directed Plaintiff to pay the $350 filing fee or have his action dismissed.  *Id*.  The Order (Doc. 6) directed Plaintiff to pay

the full filing fee by April 10, 2009.

In lieu of paying the filing fee, however, Plaintiff filed motions requesting that the Court reconsider its Order denying him leave to proceed *in forma pauperis* (Doc. 8) and for an additional 90 days to pay the filing fee or, alternatively, to suspend this case (Doc. 11). Plaintiff's motion for reconsideration (Doc. 8) did not challenge the Court's conclusion that on the date Plaintiff filed his original complaint Plaintiff had already acquired "3 strikes" or the Court's conclusion that Plaintiff was not then under imminent danger of serious physical injury. Instead, Plaintiff asserted that events occurring *after* he filed his original complaint created "imminent danger of serious physical injury" thereby allowing him to proceed *in forma pauperis* with this action.  On June 2, 2009, this Court denied Plaintiff's motion for reconsideration because events occurring after the original complaint was filed were not sufficient to satisfy the requirements of 28 U.S.C. § 1915(g).  *See* (Doc. 13).

On June 2, 2009, this Court also denied Plaintiff's motion for an additional 90 days to pay the filing fee or, alternatively, to suspend his case.  *Id.*  The Court, however, did grant Plaintiff until June 17, 2009, to pay the full filing fee.  *Id.*

June 17, 2009, came and went and still the Court did not receive the full amount of the filing fee for this case.  Accordingly, on June 22, 2009, the Court dismissed this case with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  *See* (Docs. 14 and 15).

In his present motion - filed after this case was dismissed - Plaintiff seeks reconsideration of the Order (Doc. 13) denying him an additional 90 days to pay the filing fee. Plaintiff offers no argument that this Court's action was contrary to law or based on a

misapprehension of the facts.  Furthermore, the Court has reviewed its prior Order (Doc. 13) and finds no error in it.  Accordingly, the motion for reconsideration (Doc. 16) is **DENIED**.

**IT IS SO ORDERED**.

**DATED:** January 4, 2010

/s/   DavidRHerndon
**DISTRICT JUDGE**